IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERARD W. ATCHINSON, SR.,<br><br>Plaintiff,<br><br>v.<br><br>SEARS, SEARS HOLDINGS CORPORATION, SEARS HOLDINGS, SEARS, ROEBUCK AND CO., and SEARS HOME IMPROVEMENT PRODUCTS,<br><br>Defendants. | CIVIL ACTION<br><br>NO. 08-3257 |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                                                       **AUGUST 17, 2009**

Presently before the Court is the Motion of Plaintiff Gerard W. Atchinson, Sr. ("Atchinson") requesting leave of court to amend his Complaint. Also before the Court is the Motion of Defendants, Sears, Sears Holdings Corporation, Sears Holdings, Sears, Roebuck and Co., and Sears Home Improvement Products (collectively, "Sears"), requesting leave to file a sur-reply in opposition to the Motion to Amend. We will grant Sears's Motion for Leave to File a Sur-reply. Atchinson's Motion to Amend is granted in part, and denied in part.

**I.      FACTS**

Atchinson was an employee of Sears for approximately forty years. At some point in or around September, 2007, Atchinson was diagnosed with rheumatoid arthritis. Thereafter, Atchinson applied for and was approved for both short-term disability benefits and for leave pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601 ("FMLA"), sometime on or

about November 8, 2007.¹  On November 27, 2007, Atchinson received a letter from Chuck Klinzing, Regional Human Resources Director of Sears, stating that Atchinson's position at Sears had been eliminated, and that his short term disability benefits were being terminated as of November 15, 2007.

On July 11, 2008, Atchinson filed a Complaint against Sears in this Court asserting the following three claims: Count I asserted a claim for violation of ERISA, 29 U.S.C. § 1140; Count II asserted a claim for interference with Atchinson's rights under the FMLA; and Count III asserted a claim for retaliation under the FMLA.  After several motions for extensions of time, the deadline for the filing of substantive motions in this case was set for July 24, 2009.  During the course of discovery, Atchinson learned through the deposition testimony of two Sears employees that Sears's short-term disability plan was self-funded and was not governed by ERISA.²

Subsequently, on July 1, 2009, Atchinson filed a Motion seeking leave to amend his Complaint.  In the Motion to Amend, Atchinson seeks to withdraw his ERISA claim, as well as to add several state law claims that he asserts would have been preempted had he had a viable claim under ERISA.  Thus, in addition to the two FMLA claims that were pled in the original

---

¹ The Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*, guarantees eligible employees of covered employers a total of up to twelve work weeks of leave due to the birth or placement for adoption of a child, the need for a spouse, son, or daughter, for care related to a serious health condition, or due to the employees own serious health condition rendering him unable to perform the functions of his position.  Id. § 2612(a)(1).  Leave may be taken in a block, may be taken intermittently, or may be taken through a reduced schedule.  Id. § 2612(b).  The Act guarantees only unpaid leave and permits the employer to require that an employee's paid leave run until it is extinguished during FMLA leave.  Id. § 2612(d).  After leave is completed, the employee is entitled to return to the same or an equivalent position with limited exceptions.  Id. § 2614.

² The depositions in question were those of Tiege McShane, National Director of Human Resources, and Clara Hughes, Manager of Human Resources and Policy Benefits.  The parties do not dispute that the depositions took place on June 30, 2009.

Complaint, he seeks leave to add the following claims under Pennsylvania state law: a claim for wrongful discharge (Count III), a claim for wrongful discharge retaliation (Count IV), a breach of contract claim (Count V), and a claim for intentional/negligent infliction of emotional distress (Count VI).

Sears responded to Atchinson's Motion to Amend on July 15, 2009, arguing that Atchinson should have pled the state law claims in the alternative, that Atchinson was to blame for delaying the scheduling of the depositions and that, despite the delay in scheduling the depositions, Atchinson was aware or should have been aware that Sears's short-term disability plan was ERISA exempt as early as December 8, 2008, when Sears provided Atchinson with a copy of its Human Resources Policy Manual.

**II.    STANDARD OF REVIEW**

The decision whether to grant or deny a motion to amend rests in the sound discretion of the trial court. Massarsky v. Gen. Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983). Federal Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Third Circuit has identified "undue delay, bad faith, dilatory motive, prejudice, and futility" as factors justifying a court's decision to deny a party leave to amend. Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). The Third Circuit has also held that "prejudice to the nonmoving party is the touchstone for denial of an amendment." Cornell & Co. v. Occupational Safety & Health Rev. Comm'n, 573 F.2d 820, 823 (3d Cir. 1978). Thus, while Rule 15(a)(2) contemplates a liberal standard for the amendment of pleadings, a court is justified in denying a motion to amend where these equitable factors weigh against allowing the

amendment. Forman v. Davis, 371 U.S. 178, 182 (1962).

### III. DISCUSSION

Atchinson seeks leave to withdraw the ERISA claim set forth in the original Complaint and to file an Amended Complaint asserting various state law claims that, he asserts, would have been preempted under the ERISA statute. Specifically, Atchinson seeks leave to amend to include claims for wrongful discharge and wrongful discharge retaliation (Counts III and IV), a breach of contract claim (Count V), and a claim for intentional/negligent infliction of emotional distress (Count VI). Sears argues that Atchinson has demonstrated undue delay in moving to amend his Complaint, that the amendments would be futile, and that Sears would be prejudiced by allowance of the amendments. See Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000) (finding courts have discretion to deny a request to amend a complaint if: "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party").

#### *A. Claims for Wrongful Discharge and Wrongful Discharge Retaliation*

In the absence of an employment contract, employment in Pennsylvania is assumed to be at-will employment, which can be terminated for any reason or no reason at all. McKiernan v. Smith-Edwards-Dunlap Co., No. 95-1175, 1995 WL 311393, at *5 (E.D. Pa. May 17, 1995). Thus, "Pennsylvania law generally does not recognize a common law cause of action for the wrongful discharge of an at-will employee." Blake v. UPMC Passavant Hosp., No. 06-193, 2008 WL 936917, at *10 (W.D. Pa. Apr. 4, 2008) (citing Geary v. U.S. Steel Corp., 319 A.2d 174, 184 (Pa. 1974)). However, an employer's ability to terminate an at-will employee's employment with or without cause may be limited by certain public policy concerns. Shick v. Shirley, 716 A.2d

1231, 1233 (Pa. 1998). "Narrow exceptions have been recognized in circumstances where discharge of an at-will employee threatens or violates a clear mandate of public policy of the Commonwealth." Blake, 2008 WL 936917, at *10. "A 'clear mandate' of public policy must be of a type that 'strikes at the heart of a citizen's social right, duties and responsibilities.'" Id.; Novosel v. Nationwide Ins. Co., 721 F.2d 894, 899 (3d Cir. 1983). Nonetheless, these narrow public policy exceptions do not generally apply to situations where statutory remedies are available. Novosel, 721 F.2d at 898.

Atchinson's wrongful discharge claim is premised upon the public policy exception to Pennsylvania's at-will employment rule, the crux of which is that Atchinson was wrongfully discharged and retaliated against for filing for FMLA leave, and that such conduct is a violation of public policy. With respect to his claim for wrongful discharge, Atchinson's Complaint reads:

> 66. The Plaintiff alleges that the defendants failed to abide by the public policy mandate that has been expressed in legislation, administrative regulations and/or judicial opinions that mandates against discharging an employee during that employee's period of recuperation/absence due to an episodic manifestation of a disability, condition and/or illness and/or during a period of short term disability absence.
>
> 67. There are other public policies that have been codified in either federal or state legislation, administrative regulations or judicial decision which evidence wrongful discharge in this case such as providing for unpaid job protected leave and providing FMLA leave without being subject to discharge.

(Amend. Compl. ¶¶ 66-67.) Similarly, with respect to his claim for wrongful discharge retaliation, Atchinson states:

> 74. The Plaintiff alleges that the Defendants named herein, acting individually or by and through their agents, servants, supervisors, chairmen/chairwomen etc. committed illegal retaliation because the Plaintiff was discharged and subjected to other adverse

> employment actions shortly after sought [sic] to obtain disability benefits and FMLA leave.
>
> . . . .
>
> 78. The specific actions as outlined above and those that will be uncovered during the investigation of this case evidence illegal retaliation against the Plaintiff and violations of Pennsylvania's public policy exceptions to the at-will employment doctrine, which public policy mandates as articulated in legislation, administrative regulations and/or judicial opinions, indicate that discharging an individual in retaliation for seeking to obtain FMLA/disability benefits violates public policy.

(Id. at ¶¶ 74, 78.) Thus, it is clear that both Atchinson's claims for wrongful discharge and wrongful discharge retaliation are premised upon alleged violations of public policy set forth under the FMLA.

Sears argues that this Court should not allow Atchinson to amend the Complaint to include these claims because amendment would be futile. We agree. The cases interpreting Pennsylvania law on this issue have made clear that a plaintiff cannot maintain a common law action for wrongful discharge based on policy provided for in the FMLA. See, e.g., McKiernan, 1995 WL 311393, at *5 ("Plaintiff contends that his termination violated the policy set forth in the FMLA. The proper remedy for any violation of this federal statute, however, is provided by the FMLA itself, and does not support a state common law cause of action [for wrongful discharge]."); Blake, 2008 WL 936917, at *11 (holding where wrongful discharge claim was premised upon violation of rights guaranteed by the FMLA, statutory remedies were available to redress that injury).

Therefore, Atchinson's remedy in this instance is to bring a claim directly under the FMLA. Atchinson asserted claims for violations of the FMLA in Counts I and II of his original

Complaint, and continues to advance these claims in the Amended Complaint. As the cases make clear, he cannot maintain separate causes of action for wrongful discharge and wrongful discharge retaliation based upon this same conduct on the theory that his termination violates the policy set forth by the FMLA. The remedy is under the statute itself, and this conduct is properly addressed in Atchinson's FMLA claims in Counts I and II of the Amended Complaint. As such, the Motion to Amend is denied with respect to the claims for wrongful discharge and wrongful discharge retaliation (Counts III and IV).

### B. Breach of Contract Claim

Next, Atchinson seeks leave to add a claim for breach of contract. Atchinson's breach of contract claim stems from a document titled, "FMLA Leave Expiration Notice," dated February 13, 2007, wherein Sears allegedly stated that Atchinson "would be entitled to job protection for additional leave." (Amend. Compl. ¶ 81.) Atchinson asserts that Sears breached this contract by terminating his position when he sought additional leave. Sears argues against allowance of the amendment on the basis that the amendment is unduly delayed and prejudicial.

"Mere delay alone is not enough to deny leave to amend, but at some point, the delay will become undue, placing an unwarranted burden on the court, or will become prejudicial, placing an unfair burden on the opposing party." McKenna v. City of Phila., 511 F. Supp. 2d 518, 527 (E.D. Pa. 2007). Sears asserts that Atchinson has demonstrated undue delay in seeking to amend to bring this claim because the contract which forms the basis of the claim has been in existence since February 13, 2007. As such, Sears asserts that the breach of contract claim is unrelated to the viability of the ERISA claim in the original Complaint, and therefore, Atchinson could have asserted the claim for breach of contract at the time of the filing of the original Complaint.

Atchinson argues that he did not assert the breach of contract claim, or any of his state law causes of action, in the original Complaint because he believed that these claims were preempted by ERISA. There has been no evidence presented to suggest that Atchinson did not, in fact, believe these claims to be preempted. Furthermore, it is clear that the mere passage of time, without more, would not justify denying Atchinson's Motion to Amend. Cornell, 573 F.2d at 823. Rather, we must consider whether Sears has been prejudiced by the delay in asserting this claim. See id.

Here, while there may have been some delay in asserting the breach of contract claim, we do not believe that Sears has been prejudiced or unduly disadvantaged by the delay. As Sears itself has pointed out, the contract in question has been in existence and available to both parties since February 13, 2007. As such, the parties are aware of its contents, and therefore, will not be surprised by the introduction of any new evidence in the case. Furthermore, the contents of the contract relate to Atchinson's rights under the FMLA, which is already itself an issue in the case. Therefore, the addition of the breach of contract claim will not lead to a great deal of additional discovery. Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001); Cahill v. Carroll, 695 F. Supp. 836, 838-39 (E.D. Pa. 1988). Because we do not find that Sears would be unduly prejudiced by allowance of the amendment, we will allow Atchinson to amend his Complaint to include a claim for breach of contract.

### *C. Claim for Intentional/Negligent Infliction of Emotional Distress*

Lastly, Atchinson seeks leave to amend to include claims for intentional and/or negligent infliction of emotional distress. Sears argues that such amendment would be futile, as the claims would be barred by Pennsylvania's Worker's Compensation Act ("WCA"). Because we agree

that Atchinson's claims for intentional and/or negligent infliction of emotional distress are barred by the WCA, we will not allow the amendment.

The WCA provides: "The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employees . . . on account of any injury [to an employee arising in the course of his employment and related thereto]." 77 Pa. Cons. Stat. Ann. 411(1), 481(a). Under Pennsylvania case law, "Pennsylvania's workers' compensation statute provides the sole remedy 'for injuries allegedly sustained during the course of employment'. . . . The exclusivity provision of that statute bars claims for 'intentional and/or negligent infliction of emotional distress [arising] out of [an] employment relationship.'" Matczak v. Frankford Candy & Chocolate Co., 136 F.3d 933, 940 (3d Cir. 1997) (citing Dugan v. Bell Tel. of Pa., 876 F. Supp 713, 723-24 (W.D. Pa. 1994)); see also Capriotti v. Chivukula, No. 04-2754, 2005 WL 83253, at *3 (E.D. Pa. Jan. 14, 2005) ("The WCA generally bars claims for intentional and/or negligent infliction of emotional distress arising out of an employment relationship").

Nonetheless, there is an exception to this bar where the conduct directed against the employee was the product of personal animus. See Capriotti, 2005 WL 83253, at *3. The conduct in question must have been "personally motivated intentional conduct of third persons or co-workers that is unrelated to plaintiff's status as an employee." Id. (quoting Coney v. Pepsi Cola Bottling Co., No. 97-2419, 1997 U.S. Dist. LEXIS 7722, at *2 (E.D. Pa. May 28, 1997)). In order to qualify for this exception, the conduct must have been motivated by a personal animosity or dislike for the employee as an individual, not as an employee. Coney, 1997 U.S. Dist. LEXIS 7722, at *2. "If the third party would have attacked a different person in the same position as the injured employee, the attack falls outside of the 'third-party' exception."

9

Capriotti, 2005 WL 83253, at *3 (citing Price v. Phila. Elec. Co., 790 F. Supp. 97, 99-100 (E.D. Pa. 1992)).

Atchinson's proposed Amended Complaint fails to allege facts indicative of personal animus on the part of Sears.  Instead, Atchinson alleges that Sears terminated Atchinson's employment due to Atchinson's filing for leave under the FMLA.  Thus, nothing in the Amended Complaint suggests that Sears's actions were motivated by personal animus or personal dislike of Atchinson himself.  Instead, the Amended Complaint depicts only employment-related conduct. See Coney, 1997 U.S. Dist. LEXIS 7722, at *2.  As such, it would be futile to allow Atchinson to amend his Complaint to include claims for intentional and/or negligent infliction of emotional distress, as these claims are barred by the WCA.

An appropriate Order follows.

Case 2:08-cv-03257-RK   Document 24   Filed 08/17/09   Page 11 of 11